IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-933-D

| | |
|---|---|
| MARCI G. PAMPUCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

On January 29, 2018, Magistrate Judge Numbers issued a Memorandum and Recommendation ("M&R") and recommended that plaintiff's motion for judgment on the pleadings be granted [D.E. 20], defendant's motion for judgment on the pleadings be denied [D.E. 22], and defendant's final decision denying the request for benefits be remanded to the Commissioner. See [D.E. 25]. On February 12, 2018, defendant filed objections to the M&R [D.E. 26]. Plaintiff did not respond.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (alteration, emphasis, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed the M&R, the record, and defendant's objections. As for those portions of the M&R to which nobody objected, the court is satisfied that there is no clear error on

the face of the record.

The court has reviewed de novo the portions of the M&R to which defendant objected. The scope of judicial review of a final decision regarding disability benefits under the Social Security Act, 42 U.S.C. § 405(g), is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the Commissioner applied the correct legal standards. See, e.g., Reid v. Comm'r of Soc. Sec., 769 F.3d 861, 865 (4th Cir. 2014); Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is evidence which a reasonable mind "might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotation omitted). It "consists of more than a mere scintilla of evidence but may be less than a preponderance." Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996). This court may not reweigh the evidence or substitute its judgment for that of the Commissioner. See, e.g., Walls, 296 F.3d at 290; Hays, 907 F.2d at 1456. Rather, in determining whether substantial evidence supports the Commissioner's decision, the court's review is limited to whether the Commissioner analyzed the relevant evidence and sufficiently explained her findings and rationale concerning the evidence. See, e.g., Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439–40 (4th Cir. 1997).

Defendant objects and argues that the ALJ was not required to apply the "special technique" in 20 C.F.R. § 404.1520a to evaluate plaintiff's medically-determinable mental impairment because plaintiff had no medically-determinable mental impairment. See [D.E. 26] 3–5. The special technique entails rating the degree of a claimant's functional limitation in four broad areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence or pace; and (4) episodes of decomposition. See 20 C.F.R. § 404.1520a(c)(3). The functional areas are rated on a five-point scale: none, mild, moderate, marked, and extreme. Id. § 404.1520a(c)(4). "The last point

2

on the scale represents a degree of limitation that is incompatible with the ability to do any gainful activity." Id.

Contrary to the defendant's argument that plaintiff had no medically-determinable mental impairment, the ALJ found that plaintiff had a medically-determinable mental impairment (i.e., depression), albeit one that is "non-severe" and that "does not cause more than minimal limitations in her ability to perform work-related activities." See Tr. at 13. The ALJ also noted that "[a]lthough depression was classified as a severe impairment in the disability determinations, the claimant never mentioned suffering from it during her hearing and she had no medical records to indicate that she had ever received any type of mental health treatment." Id. at 13.[1]

Next, the government argues that the ALJ was not required to evaluate the "severity" of plaintiff's "non-severe" medically-determinable mental impairment. See [D.E. 26] 5–6. The court rejects this argument. The ALJ must apply the special technique to evaluate a plaintiff's medically-determinable mental impairment, even when the mental impairment is non-severe. See, e.g., Patterson v. Comm'r of Soc. Sec. Admin., 846 F.3d 656, 659 (4th Cir. 2017); Vinson v. Colvin, No. 6:15-cv-06006(MAT), 2015 WL 8482783, at *4 (W.D.N.Y. Dec. 9, 2015) (unpublished); Guthrie v. Covlin, No. 4:13–CV–57–FL, 2014 WL 2575318, at *14 (E.D.N.C. June 9, 2014) (unpublished); Vanley v. Astrue, No. 2:12–CV–00791 CKD, 2013 WL 3061268, at *3 (E.D. Cal. June 17, 2013) (unpublished); 20 C.F.R. § 404.1520a. After all, the ALJ is supposed to apply the special technique to determine the severity of a mental impairment once the ALJ determines that the plaintiff has a medically-determinable mental impairment. See, e.g., Sanchez v. Berryhill, No. 6:17–cv–00535–Orl–40JRK, 2018 WL 910449, at *4 (M.D. Fla. Jan. 30, 2018) (unpublished), report and

---

[1] The ALJ's statement about the disability determinations appears to be incorrect. Plaintiff's depression apparently was not mentioned at the disability determination level. See Tr. at 62–70; cf. M&R at 9 n.3.

3

recommendation adopted by, 2018 WL 889036 (M.D. Fla. Feb. 14, 2018) (unpublished); Acero v. Colvin, No. EP-12-CV-502-RFC, 2015 WL 1931716, at *3 (W.D. Tex. Apr. 27, 2015) (unpublished); Moore v. Astrue, No. 3:10-CV-0709 (CFD)(TPS), 2010 WL 4976756, at *4 (D. Conn. Dec. 2, 2010) (unpublished) ("The ALJ found that [plaintiff's] mental impairments were medically determinable. However, without [applying the special technique], the ALJ found that the mental impairments were not severe. This is error." (citations omitted)). Thus, the ALJ should not have determined that plaintiff's depression was non-severe without applying the special technique. See, e.g., Patterson, 846 F.3d at 659; Sanchez, 2018 WL 910449, at *4; Vinson, 2015 WL 8482783, at *4. Accordingly, because the ALJ found that plaintiff had a medically-determinable mental impairment, albeit a non-severe one, the ALJ should have applied the special technique. See, e.g., Vanley, 2013 WL 3061268, at *3; Moore, 2010 WL 4976756, at *4.

Next, defendant argues that, even if the ALJ should have applied the "special technique," the ALJ's failure to do so was harmless error. An error is harmless where the decision "is overwhelmingly supported by the record." Bishop v. Comm'r of Soc. Sec., 583 F. App'x 65, 67 (4th Cir. 2014) (per curiam) (unpublished); Pepper v. Colvin, 712 F.3d 351, 366-67 (7th Cir. 2013) (holding that the ALJ's failure to apply the special technique in 20 C.F.R. § 404.1520a(c) concerning claimant's depression was harmless error); Armijo v. Astrue, 385 F. App'x 789, 792-93 (10th Cir. 2010) (unpublished) (same). An ALJ's failure to apply the special technique may be harmless error in some cases. See, e.g., Patterson, 846 F.3d at 662 (holding that the failure to use the special technique may be harmless in some cases); Pepper, 712 F.3d at 366-67; Armijo, 385 F. App'x at 792-93. Here, the record overwhelmingly supports the ALJ's conclusion that plaintiff's depression was non-severe. See M&R at 9 n.3. Moreover, nothing in the record suggests that the ALJ would have reached a different conclusion had the ALJ applied the special technique. Indeed, it is

4

"commendable that the ALJ even took note of [plaintiff's] depression." Armijo, 385 F. App'x at 792. Although the record contains a few fleeting references to anxiety and depression, see, e.g., Tr. at 310, 428, 518, plaintiff offered no evidence to show that her depression would cause anything more than minimal limitations. See M&R at 9 n.3. In fact, plaintiff did not list any mental impairment in her disability application or any medication taken for mental health conditions. See Tr. at 188, 191. At the reconsideration level, plaintiff was asked about issues with anxiety and depression. See id. at 79. Plaintiff responded by noting that she had some anxiety and depression following her 2007 injury, that she was prescribed medication at the time, and that she stopped taking the medication and did not try any other medications. See id. Moreover, plaintiff denied having any current mental health symptoms. See id.[2] Significantly, during her hearing, plaintiff failed to mention anxiety or depression. After testifying and describing several of her physical limitations, plaintiff's attorney asked her if she had any other medical conditions that impacted her ability to work. See id. at 51. Plaintiff responded: "Not that I can think of." Id.

Given plaintiff's complete failure to offer any evidence concerning her depression and the negligible references to depression in the record, no reasonable administrative factfinder applying the special technique could have found that plaintiff's depression caused more than minimal limitations in her ability to work. See, e.g., Pepper, 712 F.3d at 366–67; Armijo, 385 F. App'x at 793; Acero, 2015 WL 1931716, at *5; Guthrie, 2014 WL 2575318, at *14; Vanley, 2013 WL

---

[2] At the reconsideration level, the examiner considered the four areas of functional limitation listed in 20 C.F.R. § 404.1520a(c) and found that plaintiff's depression was non-severe. In three of the four categories, the examiner rated plaintiff's degree of limitation as "none," and in the remaining category of "difficulties in maintaining concentration, persistence, or pace," rated plaintiff's degree of limitation as "mild." See Tr. at 79. Under the regulation, if the degrees of limitation are rated as "none" or "mild," the examiner will generally conclude that the impairment is not severe. See 20 C.F.R. § 404.1520a(d)(1).

5

3061268, at *6. Accordingly, the ALJ's failure to apply the special technique in 20 C.F.R. § 404.1520a was harmless error.

In sum, the court DECLINES to adopt the M&R in part, SUSTAINS in part defendant's objections to the M&R [D.E. 26], DENIES plaintiff's motion for judgment on the pleadings [D.E. 20], and GRANTS defendant's motion for judgment on the pleadings [D.E. 22]. The clerk shall close the case.

SO ORDERED. This 12 day of March 2018.

JAMES C. DEVER III
Chief United States District Judge